UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Troy Daniel Alexander,

    Plaintiff,

v.                                          Civil Action No. 2:20-cv-123-cr-jmc

Vermont Department
of Corrections,

    Defendant.

## ORDER AND REPORT AND RECOMMENDATION
(Doc. 1)

Plaintiff Troy Alexander, representing himself, has filed a form Application for Leave to Proceed *In Forma Pauperis*, seeking to proceed in the district court without prepaying fees or costs. (Doc. 1.) Because the financial Affidavit filed in support of the Application (Doc. 1-1) meets the requirements of 28 U.S.C. § 1915(a), the Application is GRANTED. For the reasons set forth below, however, I recommend that Plaintiff's proposed civil action be DISMISSED.

## Background

In his Complaint, Alexander alleges that three correctional officers "came into [his] cell and threw [him] on the ground and [began] punching and kicking . . . [his] face and ribs." (Doc. 4 at 5.) He states that as a result of the alleged incident, he sustained a torn bicep muscle, three bruised ribs, and a chipped tooth. (*Id.*) He seeks monetary damages "for the pain and trauma that [he] had to go through."

(*Id.*) Alexander brings this action under 42 U.S.C. § 1983 (*id.* at 3), and although he does not cite to a specific constitutional provision, the Court construes his proposed Complaint as alleging that the Vermont Department of Corrections (DOC) violated his Eighth Amendment right to be free from cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial screening of a complaint filed by a civil litigant proceeding *in forma pauperis* to ensure that the case goes forward only if it meets certain requirements. In conducting this screening, the court is required to read a self-represented litigant's complaint liberally and construe it to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, the court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, Alexander's claim against the DOC is barred by sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Eleventh Amendment to the United States Constitution[1] bars private suits for monetary relief against a state in federal court unless there has been an explicit and unequivocal waiver of immunity

---

[1] The Eleventh Amendment bars federal suits against state governments by citizens of another state or foreign country as well as by a state's own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

by a state or a similarly clear abrogation of immunity by Congress. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). As a state agency, the DOC is protected from suit by the Eleventh Amendment. *See Pennhurst*, 465 U.S. at 100 (stating that state agencies and departments are entitled to assert the state's Eleventh Amendment immunity). The State of Vermont has preserved its sovereign immunity and has not consented to this lawsuit. *See* 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). It is also well settled that Congress did not abrogate state sovereign immunity by enacting § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340–42 (1979). Accordingly, Alexander cannot assert claims against the state, its agencies, or any of its officials in their official capacities in federal court, and his claim for damages against the DOC is barred. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986) (state and state agency immunity from suits in federal courts "exists whether the relief sought is legal or equitable").

The Second Circuit has cautioned that a district court "should not dismiss a *pro se* complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, it is not clear that Alexander can state a viable federal claim, "but [the Second] Circuit's precedent encourages giving [him] another opportunity." *Montpelier v. Green Mountain Care*, Case No. 2:19-cv-84, 2019 WL 5102715, at *3

(D. Vt. Oct. 11, 2019). Alexander has not named any individuals as defendants in his lawsuit, but his Complaint alleges that individual DOC staff members violated his federal constitutional rights. Accordingly, I recommend that the court grant Alexander leave to amend his Complaint to assert § 1983 claims against those individual DOC staff members and detail his claims.

Alexander is advised that an Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Reference back to the original Complaint is insufficient under Rule 15(b) of the Local Rules of Civil Procedure for the District of Vermont. *See* Fed. R. Civ. P. 8(a); L.R. 15(b). Thus, an Amended Complaint, if filed, must include all of Alexander's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks. He must name any individual staff members as defendants, both in the caption and in the statement of the claim, and allege facts showing how those individuals were personally involved in the violation of his federal constitutional rights. Equally important, an Amended Complaint must comport with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as required by Rule 8, as well as the relevant facts supporting each claim, including the date of the alleged incident. In the event Alexander elects not to file an Amended Complaint, I recommend dismissal of all claims for the reasons set forth in this Report and Recommendation.

## Conclusion

For these reasons, although his request to proceed *in forma pauperis* (Doc. 1) is GRANTED, I recommend the court DISMISS Alexander's proposed civil action as barred by sovereign immunity. I further recommend that Alexander be granted leave to file an Amended Complaint within 30 days of the court's ruling on this Report and Recommendation. In the event an Amended Complaint is not filed within 30 days of the court's ruling on this Report and Recommendation this matter should be closed.

Dated at Burlington, in the District of Vermont, this 14th day of September 2020.

/s/ John M. Conroy  
Honorable John M. Conroy  
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).