UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TROY DANIEL ALEXANDER, )
 )
Plaintiff, )
 )
v. ) Case No. 2:20-cv-123
 )
VERMONT DEPARTMENT OF CORRECTIONS, )
 )
Defendant. )

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING PLAINTIFF'S COMPLAINT, AND GRANTING PLAINTIFF
LEAVE TO FILE A SECOND AMENDED COMPLAINT**
(Docs. 3 & 4)

This matter came before the court for a review of the Magistrate Judge's September 14, 2020 Report and Recommendation ("R & R") (Doc. 3), in which he recommended the court dismiss the Complaint (Doc. 4)[1] filed by self-represented Plaintiff Troy Daniel Alexander against Defendant Vermont Department of Corrections ("DOC") pursuant to 42 U.S.C. § 1983. The Magistrate Judge construed the claims as alleging that DOC violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. As the Magistrate Judge pointed out, although Plaintiff may be able to assert his claims in state court, the Eleventh Amendment bars his claims in this case against DOC. The court has not yet addressed whether Plaintiff's Amended Complaint is also barred by sovereign immunity.

The Magistrate Judge further recommended that the court grant Plaintiff leave to file an Amended Complaint. On October 7, 2020, Plaintiff filed an Amended Complaint

---

[1] In his initial Complaint and Amended Complaint, Plaintiff alleges three correctional officers at Northern State Correctional Facility in Newport, Vermont entered his cell, threw him to the ground, and punched and kicked him, causing a torn bicep muscle, three bruised ribs, and a chipped tooth. He seeks monetary damages for his pain and suffering.

in which he named three individuals as Defendants. He did not reallege claims against DOC. Plaintiff has not filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his five-page R & R, the Magistrate Judge carefully reviewed the factual allegations, potential causes of action, and request for relief and correctly determined that Plaintiff's Complaint against the DOC is barred by Eleventh Amendment sovereign immunity, which Vermont has not waived. 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). As a result, Plaintiff may not sue the State of Vermont or its employees acting in their official capacity for monetary damages in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear[] . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). No party has raised an objection to that conclusion. The court therefore adopts the R & R in its entirety.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.

2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). Because Plaintiff filed an Amended Complaint before the court adopted the pending R & R, the court grants him leave to file a Second Amended Complaint within thirty (30) days from the date of this Opinion and Order.

If Plaintiff chooses to file a Second Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Second Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Second Amended Complaint will take the place of the initial Complaint and the Amended Complaint in all respects. Plaintiff's claims must be short and plain and set forth in separately numbered paragraphs. *See* Fed. R. Civ. P. 10(b). For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 3) as the court's Opinion and Order and DISMISSES Plaintiff's Complaint. (Doc. 4.) Plaintiff is GRANTED leave to file a Second Amended Complaint within thirty (30) days of the date of this Opinion and Order.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 12th day of January, 2021.

Christina Reiss, District Judge
United States District Court