UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Troy Daniel Alexander,<br><br>    Plaintiff,<br><br>    v.<br><br>Bob Arkley, Officer Paxton, and<br>Officer Musure,<br><br>    Defendants. | Civil Action No. 2:20–cv–123–cr–kjd |

**REPORT AND RECOMMENDATION**
(Docs. 5, 11)

    Self-represented plaintiff Troy Daniel Alexander, a Vermont state prisoner, brings this action against "Bob Arkley, Officer Paxton, and Officer Musure," who appear to be employed by the Vermont Department of Corrections. (Doc. 5 at 1.) Liberally construed, Alexander's Amended Complaint alleges that Defendants used excessive force against him in violation of the Eighth Amendment and seeks compensatory and injunctive relief. (Doc. 5 at 2.) Also pending is Alexander's Motion to Appoint Counsel. (Doc. 11.)

    For the reasons set forth below, I recommend that the Amended Complaint (Doc. 5) be dismissed with leave to amend and the Motion to Appoint Counsel (Doc. 11) be denied without prejudice.

**Background**

    On August 4, 2020, Plaintiff filed a motion for leave to proceed in forma pauperis and a proposed Complaint. (Doc. 1.) The Complaint named the Vermont DOC as the defendant. Plaintiff alleged that three corrections officers came into his cell, threw him to the ground, and punched and kicked him in his face and ribs. (Doc. 4 at 5.) He sought monetary damages for pain and trauma. (*Id.*) The Court dismissed the Complaint as barred by sovereign immunity

because Plaintiff was seeking monetary damages against the State of Vermont. (Doc. 7.) Prior to the issuance of the Opinion and Order dismissing the Complaint, Plaintiff filed an Amended Complaint. (Doc. 5.) The Amended Complaint named "Bob Arkley, Officer Paxton, and Officer Musure" as defendants, but did not include any of the allegations in the initial Complaint as to the alleged use of excessive force. (Doc. 5.)[1] The Opinion and Order dismissing the Complaint noted that Plaintiff had filed the Amended Complaint while the Complaint was under review and stated: "Because Plaintiff filed an Amended Complaint before the court adopted the pending [Report and Recommendation], the court grants him leave to file a Second Amended Complaint within thirty (30) days from the date of this Opinion and Order." (Doc. 7 at 3.) Alexander did not file a Second Amended Complaint. On August 4, 2022, the Court issued an Order to Show Cause why the case should not be dismissed for lack of prosecution. (Doc. 10.) The order explained that failure to file a response would result in the dismissal of the case without prejudice. (*Id.* at 2.) On August 25, 2022, Plaintiff filed a Motion to Appoint Counsel. (Doc. 11.) Citing his mental health and lack of knowledge of the law, he asked that the Court assign him counsel to assist in the presentation of his case. (*Id.*)

## Discussion

**I.      The Amended Complaint should be dismissed under 28 U.S.C. § 1915.**

Regardless of whether a self-represented plaintiff has paid the required filing fee, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1] The Report and Recommendation and the Opinion and Order adopting the Report and Recommendation advised Plaintiff that any Amended Complaint would replace the initial Complaint and therefore must include all facts and all claims against all defendants. (*See* Docs. 3, 7.)

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). All complaints, however, must contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Federal Rule of Civil Procedure 8 requires that a complaint in a civil case contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation in the complaint "be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10(a) requires that a complaint include a caption with the court name, case number, and names of the parties. Rule 10(b) requires that each paragraph be numbered and allege a single set of facts. A complaint must state the plaintiff's address, e-mail address, and telephone number and, if the plaintiff has no attorney, be signed by the plaintiff. Fed. R. Civ. P. 11(a). Finally, Rule 11 requires that the complaint's factual allegations have a good faith factual and legal basis. *See* Fed. R. Civ. P. 11(b)(3).

Although the Court permitted Plaintiff to file a Second Amended Complaint, and issued an Order to Show Cause, he has not done so. Therefore, for purposes of conducting screening under § 1915(e), the Court considers the Amended Complaint to be the operative statement of Plaintiff's claims. The Amended Complaint is a two-page letter that in relevant part states the following:

> [O]n 5/22/20 [I] was in my room/cell making a coffee and that is when [I] noticed that my cell door was opening while at this time my cellmate was in the day room [I] thought it was him coming back into the cell [I] was also listening to my music so I could not hear anything when [I] noticed that Officer Paxton was in my cell [I] asked him was there anything I could do for him [I] had a sugar mate in my hand [I] showed it to Officer Paxton to point out the fact that there was no contraband in

3

> the sugar packet [I] then threw it into the toilet [I] had in my cell . . . . [I]f [I] had something in my hand why did they not grab it out of the toilet [I] followed every order the officers gave me [I] did nothing wrong [I] have six witnesses stating that what they did is illegal 100%
>
> . . . .
>
> I am suing under the Code 555 in the civil nature. It has been a very long couple of months after the ass[a]ult [I] can[']t even sleep without seeing them attacking me for no reason [I] have severe PTSD as it was now it is so much more. This is not the first time these officers have done something like this to inmates and the more and more the gover[n]ment does not take action more and more inmates are going to get sever[e]ly hurt.
>
> [T]hat is when they tried to penalize me for something [I] did not do they gave me a A7 for (Creating disturbances that threaten the order and safety of the facility including riots, work strikes and hunger strikes) how is that for them to ass[a]ult me and then give me a Major DR.
>
> I would like to receive $45,000 for the tr[a]uma and pain the[y] put me through or I would [like] to have 500 days taken off my sentence.

(Doc. 5.)

In addition to lacking a caption, the Amended Complaint does not specify a cause of action arising under federal law. Under the required liberal reading of the Plaintiff's Amended Complaint, Plaintiff is likely attempting to assert an Eighth Amendment claim under 42 U.S.C. § 1983. The Court reaches this conclusion because Plaintiff's initial Complaint asserted a § 1983 claim and the Court interpreted the Complaint as raising an Eighth Amendment claim. (Doc. 7 at 1.) Nevertheless, the Amended Complaint explicitly states that Plaintiff's claim arises under "Code 555 in the civil nature" (Doc. 5), which may be a reference either to a state law or a DOC administrative regulation. Therefore, the federal nature of Plaintiff's claim is not clear from the Amended Complaint.

The Amended Complaint also fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Plaintiff may be asserting an Eighth Amendment claim, he must include facts sufficient to satisfy the elements of the claim. The Eighth

Amendment prohibition against cruel and unusual punishment applies to claims of excessive force against a prison inmate. *See generally Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate claiming an Eighth Amendment violation related to conduct of corrections officers must prove both subjective and objective elements. *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "The subjective element is that the defendant must have had the necessary level of culpability, shown by actions characterized by wantonness." *Id*. (quotation marks and citation omitted). "[I]n excessive force cases, the wantonness inquiry turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Id*. (quotation marks and citation omitted). "The objective component of the Eighth Amendment test is also context specific, turning upon 'contemporary standards of decency.'" *Id*. at 263 (quoting *Hudson*, 503 U.S. at 8). The "malicious use of force to cause harm[] constitute Eighth Amendment violations *per se*." *Id*. (noting that a prison official's sadistic and malicious use of force to cause harm always violates contemporary standards of decency).

The Amended Complaint lists Bob Arkley, Officer Paxton, and Officer Musure as defendants. Plaintiff makes no specific allegations against Arkley and Musure. He states generally that he "can't even sleep without seeing them attacking me," and that "[t]his is not the first time these officers have done something like this to inmates," but he alleges no facts as to what Arkley and Musure allegedly did. He does reference Officer Paxton specifically, but only to note that Paxton was in Plaintiff's cell on May 22, 2020, and Plaintiff apparently spoke with Paxton about whether a sugar packet in Plaintiff's hand contained contraband. (Doc. 5 at 1.) The Amended Complaint provides no details as to the nature of the force allegedly used or the injuries allegedly sustained, and no details bearing on whether the alleged force was wantonly, maliciously or sadistically inflicted to cause harm. The Amended Complaint contains only conclusory allegations that an "assault" occurred, that the unspecified conduct was "illegal," and

that the named Defendants "have done something like this to inmates" before.  (Doc. 5 at 1.) These allegations are insufficient to state a claim.

As Plaintiff has not alleged the essential elements of an Eighth Amendment claim, or alleged sufficient facts to show that the Defendants may be liable, the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Although Plaintiff has unsuccessfully attempted to amend his Complaint once, and has not filed a Second Amended Complaint as the Court permitted him to do, I recommend that he be permitted to file a Second Amended Complaint.  The initial Complaint alleged that the Defendants entered his cell, threw him on the ground, and punched and kicked him in the face and ribs.  Plaintiff further alleged that he suffered a torn biceps, bruised ribs, and a chipped tooth.  (Doc. 4 at 5.)  Plaintiff responded to the Order to Show Cause by requesting an attorney, which suggests that he intends to continue with his claim.  His request for counsel explained that litigating his case will be "difficult" for him as he has "mental health problems."  (Doc. 11.) Under these circumstances, I recommend that Plaintiff receive another opportunity to present his claim.

In the event Plaintiff chooses to file a Second Amended Complaint, the Court again advises him that he must comply with the Federal Rules of Civil Procedure.  He is also advised that a Second Amended Complaint, if filed, will supersede and completely replace the Amended Complaint.  *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018).  Accordingly, a Second Amended Complaint, if filed, must be titled "Second Amended Complaint" and include all of Plaintiff's factual allegations in their entirety and must set forth all the claims he has against all defendants and all the relief he seeks.  *See* Fed. R. Civ. P. 8(a); D. Vt. L.R. 15(b). Plaintiff should consult the Court's "Representing Yourself as a *Pro Se* Litigant Guide,"

available at www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## II.     The Motion for Appointment of Counsel should be denied.

Given the recommendation that the Amended Complaint be dismissed with leave to amend, I further recommend that the Motion for Appointment of Counsel (Doc. 11) be denied without prejudice. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Nevertheless, a party granted *in forma pauperis* status may request the appointment of an attorney if he is unable to afford one on his own. *See* 28 U.S.C. § 1915(e)(1). The court is granted "[b]road discretion" in making this decision. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

The Second Circuit has provided guidance for determining whether counsel should be appointed in civil cases involving self-represented litigants proceeding *in forma pauperis*. *Id*. at 61. As a threshold requirement, a court must determine whether the plaintiff's claim "is likely one of substance." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61). If the court finds that the claim is likely of substance, it should then consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61–62. However, "when a [plaintiff's] claims 'may fairly be heard on written submissions, the appointment of counsel is not warranted.'" *Thompson v. Griffin*, No. 14-CV-01641 (DLI), 2017 WL 11511164, at *1 (E.D.N.Y. Mar. 16, 2017) (citation omitted).

Presumably Alexander brings this action under 42 U.S.C. § 1983, asserting primarily that Defendant prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by allegedly assaulting him and inflicting pain and injury. (Doc. 5 at 1.) As noted above, the Court does not have sufficient facts as to whether the alleged force was wanton and malicious, or applied in a good faith effort to maintain or restore discipline. *Blyden*, 186 F.3d at 262. The Court also has insufficient information regarding what each Defendant specifically did to injure Plaintiff. Therefore, the Court is not in a position to determine whether the Plaintiff's claim is likely one of substance.

Even assuming Alexander raises a claim that is likely of substance, the other *Hodge* factors do not weigh in favor of appointing counsel at this time. Alexander's Eighth Amendment claims appear not to require extensive fact investigation, and the legal issues presented by an assault claim are not likely to be especially complex. Finally, at this stage the Court cannot determine whether the appointment of counsel "would be more likely to lead to a just determination." *See Hodge*, 802 F.2d at 61–62.

## **Conclusion**

Based on the foregoing, I recommend that the Amended Complaint (Doc. 5) be DISMISSED with leave to amend and Plaintiff's Motion for Appointment of Counsel (Doc. 11) be DENIED without prejudice. I recommend that Plaintiff be permitted 30 days to file a Second Amended Complaint. If this recommendation is adopted, and Plaintiff fails to file a Second Amended Complaint, I recommend that the case be dismissed.

Plaintiff also requests that the Court provide him with a change-of-address form. (Doc. 11.) The Court advises Plaintiff that he need only sign and date a letter to the Court advising of his new address.

Dated at Burlington, in the District of Vermont, this 17th day of February 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge