UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| TROY DANIEL ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-123 |
| | ) | |
| BOB ARKLEY, OFFICER PAXTON, and OFFICER MUSURE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING AMENDED COMPLAINT, DENYING MOTION TO APPOINT
COUNSEL, AND GRANTING LEAVE TO FILE
THIRD AMENDED COMPLAINT**
(Docs. 5, 11, & 12)

This matter came before the court for a review of the Magistrate Judge's February 17, 2023 Report and Recommendation ("R & R") (Doc. 12), in which the Magistrate Judge recommended that the court dismiss the Amended Complaint (Doc. 5) filed by self-represented Plaintiff Troy Daniel Alexander, deny his motion to appoint counsel (Doc. 11), and grant leave to file a Second Amended Complaint within thirty days. On March 3, 2023, Plaintiff filed a Second Amended Complaint, but he has not filed an objection to the February 17, 2023 R & R reviewing the Amended Complaint, and the time period to do so has expired.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal

conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his nine-page R & R, the Magistrate Judge carefully reviewed the procedural history of the case, including how Plaintiff filed an Amended Complaint after the issuance of the prior R & R recommending dismissal of the initial Complaint but before the court issued its January 12, 2021 Opinion and Order adopting the prior R & R. Because Plaintiff filed the Amended Complaint while the initial Complaint was under review, the court permitted him to file a Second Amended Complaint within thirty days of that Opinion and Order. Plaintiff failed to do so, however, and on August 25, 2022, in response to the court's August 4, 2022 Order to Show Cause why the case should not be dismissed for failure to prosecute, Plaintiff filed a motion to appoint counsel.

After reviewing the Amended Complaint, the Magistrate Judge recommended dismissal because it lacks a caption; is in narrative form; and fails to comply with Federal Rules of Civil Procedure 8, 10, and 11. *See* Fed. R. Civ. P. 8(a) (identifying required contents of a pleading that states a claim for relief); Fed. R. Civ. P. 10 (listing required form of pleadings); Fed. R. Civ. P. 11 (requiring a complaint contain, among other things, a self-represented plaintiff's address, telephone number, and signature as well as have a good faith and legal basis for its factual allegations). The court agrees that Plaintiff's failure to comply with Rules 8, 10, and 11 necessitates dismissal. In doing so, it finds that Plaintiff's narrative pleading style and lack of a clear legal basis for a claim under federal law deprives Defendants of adequate notice of his claims and deprives the court of the ability to fully consider the merits of his claims.

In addition, even if the court construes the Amended Complaint liberally, the Magistrate Judge correctly determined it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (describing the subjective and objective essential elements of a claim based on an Eighth Amendment violation).

With respect to Plaintiff's motion to appoint counsel, the Magistrate Judge recommended the court deny the motion because the Amended Complaint lacks

sufficient allegations for the court to determine the actions of each Defendant and whether any alleged force used by them was wonton or malicious or applied in good faith. Without such allegations, the court cannot determine "the likelihood of merit of the underlying dispute" and whether Plaintiff's claim "is likely one of substance[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal quotation marks omitted) (listing "secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute" which the court considers "after an initial finding that a claim is likely one of substance").

No party has raised an objection to these conclusions. The court therefore adopts the R & R in its entirety.

## LEAVE TO AMEND

The Second Circuit has stated that a "*pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave [to amend the pleading] when justice so requires"). Because Plaintiff filed a Second Amended Complaint before the court adopted the pending R & R, the court grants him leave to file a Third Amended Complaint within forty-five (45) days from the date of this Opinion and Order.

If Plaintiff chooses to file a Third Amended Complaint, he must comply with the Federal Rules of Civil Procedure including stating the factual and legal bases for his causes of action. *See* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In his Third Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Third Amended Complaint will take the place of all prior complaints in all respects. Plaintiff's claims must be short and plain and set forth in separately numbered paragraphs. *See* Fed. R. Civ.

P. 10(b). For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available at https://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf, or contact the District of Vermont Clerk's office for a self-represented party's informational pamphlet.

**Plaintiff must file his Third Amended Complaint by April 30, 2023, or this case will be dismissed.**

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 12) as the court's Opinion and Order and DISMISSES Plaintiff's Amended Complaint. (Doc. 5.) Plaintiff is GRANTED leave to file a Third Amended Complaint within forty-five (45) days of the date of this Opinion and Order.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of March, 2023.

Christina Reiss, District Judge
United States District Court

4